UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

RAYMOND MAINOR,                          :
                                         :
         Petitioner,              :
                                         :
  v.                                     :       CIVIL NO. 3:16-CV-2539
                                         :
KATHY LANE,                              :       (Judge Kosik)
                                         :
         Respondent.              :

**MEMORANDUM**

Before the court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 and supporting memorandum filed by Raymond Mainor ("Petitioner"), an inmate confined at the Low Security Correctional Institution at Allenwood, Pennsylvania. (Docs. 1, 3.) He has paid the required filing fee in this matter. The petition is presently before the court for screening. See 28 U.S.C. § 2243. For the reasons that follow, the petition will be dismissed for lack of jurisdiction.

**I.**  **Background**

In the instant petition, Petitioner challenges a conviction and sentence imposed by the United States District Court for the Eastern District of Pennsylvania on October 23, 2007. Petitioner was indicted by a federal grand jury on December 6, 2006, of drug and related offenses, including the following: Distribution and

Possession with Intent to Distribute Crack Cocaine in violation of 21 U.S.C. § 841(a)(1); Distribution of and Possession with Intent to Distribute within 1,000 feet of a School, Cocaine and Crack Cocaine in violation of 21 U.S.C. § 860(a); Possession of a Firearm by a Convicted Felon in violation of 18 U.S.C. § 922(g); and Use of a Firearm in Furtherance of a Drug Offense in violation of 18 U.S.C. § 924(c).

On December 12, 2006, the Government filed an Information charging Petitioner with Prior Criminal Offenses pursuant to 21 U.S.C. § 851(a)(1).  The prior criminal offense appears to be a felony conviction out of Philadelphia County. Petitioner claims that this charge was never "proven" and that he was never actually convicted of this offense.

He was convicted of the drug and related offenses following a jury trial, on October 23, 2007.  He was sentenced to 300 months imprisonment, 20 years supervised release, a $600 special assessment, and a $60,000 fine.  He states that because the "defective" information was considered, his mandatory minimum was doubled.

Petitioner states that his defense counsel raised the "defective" information issue at sentencing.  (Doc. 3 at 3.)  Petitioner also raised this issue on direct appeal to the Third Circuit and his conviction and sentence were upheld on January 15, 2010. (Id. at 3-4.)  The United States Supreme Court denied certiorari review on January 18, 2011.

Petitioner states that he did file a motion pursuant to § 2255 that was denied on April 24, 2014, and admits that he is challenging the validity of his conviction/sentence in the instant petition. However, he claims that the sentencing court never considered the issue of the "defective" Information because his appointed counsel was not approved by him and did not raise this issue in the § 2255 motion. As such, he claims that the matter has never been ruled on by the sentencing court. He argues counsel's ineffectiveness in the § 2255 proceeding. He further argues that the courts committed error on direct review when he did raise this issue. Based on the foregoing, he seeks review of this matter by way of the instant § 2241 petition in this court.

**II.   Discussion**

Habeas corpus petitions brought under § 2241 are subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. § 2254 (1977)(Rule 4 applies to § 2241 petitions under Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts). See, e.g., Patton v. Benton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979)(explaining that Rule 4 is "applicable to Section 2241 petitions through Rule 1(b)"). Rule 4 provides in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district

3

court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

"[T]he usual avenue for federal prisoners seeking to challenge the legality of their confinement," including a challenge to the validity of a conviction or to a sentence, is by way of a motion filed under 28 U.S.C. § 2255. In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997). See also United States v. Miller, 197 F.3d 644, 648 n. 2 (3d Cir. 1999)(stating that § 2255 provides federal prisoners a means by which to bring collateral attacks challenging the validity of their judgment and sentence); Snead v. Warden, F.C.I. Allenwood, 110 F. Supp. 2d 350, 352 (M.D. Pa. 2000) (finding that challenges to a federal sentence should be brought in a motion filed under 28 U.S.C. § 2255). Motions for relief under § 2255 must be filed in the district court where the defendant was convicted and sentenced. Here, Petitioner is clearly challenging his conviction and sentence. He admits this. (Doc. 1 at 4.) Thus, his proper avenue of relief is a section 2255 motion filed in the district court where he was convicted and sentenced. See 28 U.S.C. § 2255(e)(stating that the motion must be filed in "the court which sentenced him").

As a general rule, a § 2255 motion "supersedes habeas corpus and provides the exclusive remedy" to one in custody pursuant to a federal court conviction. Strollo v. Alldredge, 463 F.2d 1194, 1195 (3d Cir. 1972). "Section 2241 'is not an additional, alternative or supplemental remedy to 28 U.S.C. § 2255.'" Gomez v. Miner, No.

3:CV-06-1552, 2006 WL 2471586, at *1 (M.D. Pa. Aug. 24, 2006)(quoting Myers v. Booker, 232 F.3d 902 (10th Cir. 2000)).

A defendant is permitted to pursue relief under 28 U.S.C. § 2241 only where he shows that the remedy under § 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); see also United States v. Brooks, 230 F.3d 643, 647 (3d Cir. 2000). The claimed inadequacy or ineffectiveness must be "a limitation of scope or procedure ... prevent[ing] a § 2255 proceeding from affording ... a full hearing and adjudication of [a] wrongful detention claim." Okereke v. United States, 307 F.3d 120 (3d Cir. 2002)(citing Cradle v. United States, 290 F.3d 536, 538 (3d Cir. 2002)(per curiam)). "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." Cradle, 290 F.3d at 538-39 (citing Garris v. Lindsay, 794 F.2d 722, 727 (D.C. Cir. 1986)). The Petitioner has the burden of proving that § 2255 would be an inadequate or an ineffective remedy. Reyes-Racine v. United States, 243 F.3d 893, 901 (5th Cir. 2001)(citing Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000)). Accordingly, "[s]ection 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." Cradle, 290 F.3d at 539. Section 2241 should not be used as a way of evading the gatekeeping requirements of section

2255. <u>Brown v. Mendez</u>, 167 F. Supp. 2d 723, 727 (M.D. Pa. 2001). If a petitioner improperly challenges a federal conviction or sentence under § 2241, the petition must be dismissed for lack of jurisdiction. <u>Application of Galante</u>, 437 F.2d 1164, 1165 (3d Cir. 1971).

Here, it is apparent that the pending petition is not viable under 28 U.S.C. § 2241. Petitioner admits that he has filed a § 2255 motion in the sentencing court thereby evidencing that his remedy by way a motion under § 2255 is not unavailable or inadequate. However, Petitioner claims that the issue of the "defective" information was not raised in the § 2255 motion due to an error on counsel's part. Regardless of how Petitioner fares on this issue, this does not open the federal court door to the filing of the instant § 2241 petition. Petitioner is first required to request permission from the appropriate circuit court for leave to file a successive petition with the sentencing court. <u>See</u> 28 U.S.C. § 2255(h). This he admittedly has not done. (Doc. 1 at 4.) He needs to seek permission from the Third Circuit Court of Appeals to file a second or successive motion under § 2255. Without passing judgment as to how the Third Circuit will rule, there exists the possibility that Petitioner could be granted such permission, if appropriate. Consequently, the court will dismiss the instant petition filed under 28 U.S.C. § 2241, without prejudice, to Petitioner pursuing leave to file a second or successive § 2255 motion with the Third Circuit

Court of Appeals.[1]  Even then, it is only where a petitioner falls within the narrow exception outlined in Dorsainvil in which § 2241 relief could be sought in this court. In Dorsainvil, the Third Circuit held that § 2241 relief was available only in very narrow instances to a petitioner who had no earlier opportunity to challenge his conviction for conduct that an intervening change in substantive law made no longer criminal.  Dorsainvil, 119 F.3d t 251.  For these reasons, the instant petition will be dismissed for lack of jurisdiction.  An appropriate order follows.

---

[1] Under the "gatekeeping" provision of the AEDPA, a defendant seeking to file a second § 2255 motion must obtain from the court of appeals, having jurisdiction over the sentencing court, an order authorizing the sentencing court to consider the second motion.  A court of appeals may grant leave to file a second § 2255 petition only if the defendant presents (a) newly discovered evidence undermining the guilty verdict or (b) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court that was previously unavailable."  28 U.S.C. § 2255.